T.C. Memo. 2013-9

UNITED STATES TAX COURT

TERRY D. ALBRIGHT, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 7250-12.                    Filed January 14, 2013.

Terry D. Albright, pro se.

Kelley Andrew Blaine, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

GERBER, Judge:  Respondent determined the following income tax deficiencies and additions to tax and penalties for petitioner's 2006 and 2008 tax years:

| [*2] Year | Deficiency | Penalty sec. 6662(a) | Addition to tax sec. 6651(a)(1) |
|-----------|------------|----------------------|---------------------------------|
| 2006 | $122,145.00 | $24,429.00 | $6,105.75 |
| 2008[1] | 2,288.00 | 457.60 | --- |

[1]The 2008 tax year is in controversy solely because of computational adjustments caused by an increase in petitioner's adjusted gross income for 2006 which eliminated some portion of a net operating loss that had been carried over from 2006.

## FINDINGS OF FACT[1]

Petitioner resided in Idaho at the time his petition was filed. Petitioner sold his residence in Middletown, Idaho, on September 28, 2006, for $1,490,000. He did not report any of the gross sale price or resulting gain on his 2006 Federal income tax return. After an examination, respondent determined that petitioner had an $866,331 capital gain from the sale of his residence. Respondent computed the gain by taking into account basis, exclusions, capital losses, and other adjustments as follows:

| | |
|---|---|
| Gross proceeds from sale of residence | $1,490,000.00 |
| Less: | |
| Sales expenses | (115,860.00) |
| Cost of home | (85,368.50) |
| Improvements | (12,000.00) |
| Gain on sale of residence | 1,276,771.50 |
| Exclusion from gain on sale of residence | (250,000.00) |
| Taxable gain from sale of residence | 1,026,771.50 |

[1]The parties' stipulated facts and exhibits are incorporated by this reference.

**[*3]** Less:

| | |
|---|---:|
| Long-term capital loss carryover from 2005 | (34,492.00) |
| Capital loss attributable to a 2006 partnership loss | (128,949.00) |
| Net long-term capital gain | 863,330.50 |
| Plus $3,000 claimed by petitioner against 2006 ordinary income based on 2005 capital loss carryover | 3,000.00 |
| Total adjustment determined by respondent | 866,330.50 |

Petitioner does not dispute that he had capital gain from the sale of his residence. Instead he contends that respondent erroneously failed to allow additional amounts of basis and losses to further reduce the amount of taxable capital gain. In particular petitioner had a $100,639.96 home equity loan secured by his residence. When the residence was sold, proceeds were used to pay off the home equity loan. Petitioner used the $100,639.96 proceeds for operating capital with respect to his business enterprises. Because the business records are not available to him, he is unable to show that the expenditures resulted in a deductible loss that would further reduce his taxable income for 2006. Petitioner asserts that he expended approximately $8,664 in attorney's fees in connection with his attempt to gain access to his business records and to address issues concerning the trust which held his residence. He contends that his capital gain should also be reduced by this amount. Of the $8,664, $2,265 represented attorney's fees to resolve the

[*4] issues related to the trust and the sale of his house. The remaining $6,399 was used to pay petitioner's bankruptcy attorney in connection with the chapter 13 bankruptcy he filed in 2005. Petitioner has not substantiated these amounts.

Petitioner obtained an extension of time to file his 2006 income tax return to October 15, 2007. However, the 2006 return was not signed by petitioner until October 25, 2007, and was not filed with respondent until October 30, 2007.

OPINION

Petitioner does not dispute that he had a gain from the sale of his residence during 2006. He sold his residence, which originally cost a little more than $85,000, for almost $1,500,000. He failed to include the proceeds or any gain from the sale on his 2006 income tax return. After petitioner filed a late return for the 2006 year, his return was selected for audit; and, ultimately, respondent issued a notice of deficiency in which the sale proceeds were adjusted (reduced) by allowance of additional basis and an exclusion under section 121.[2] Finally, losses were applied against the taxable gain from the sale of the residence, with a small adjustment, to arrive at net unreported capital gain of $866,330.50. That

---

[2]Section references are to the Internal Revenue Code in effect for the taxable years under consideration. Rule references are to the Tax Court Rules of Practice and Procedure.

**[\*5]** unreported income was the source of petitioner's 2006 income tax deficiency and the computational adjustment that generated a 2008 income tax deficiency.

Petitioner contends that respondent's determinations are in error because respondent failed to reduce the amount of capital gain by three items. The first of petitioner's contentions is that his $100,639.96 home equity loan secured by his residence and which was paid off from the proceeds of the sale should be subtracted from the amount of gain. Petitioner's theory is that he had used the proceeds from the home equity loan to operate his business, which had a net loss. Unfortunately, petitioner did not have the records that would show any amount of loss and/or that the proceeds of the loan were connected with the loss. Petitioner bears the burden[3] of showing his entitlement to the loss, which he has failed to do. See Rule 142(a).

Next, petitioner contends that he is entitled to deduct $8,664 in attorney's fees. Respondent contends that to the extent that petitioner can show that he actually paid attorney's fees, he has not shown that they were not already allowed by respondent as part of the expenses in connection with the sale of his residence.

---

[3]No issue has been raised by the parties concerning sec. 7491 or whether there has been a shift in the burden of proof or going forward with the evidence. Accordingly, petitioner has not established his entitlement to any such shift in the burden of proof under sec. 7491(a) regarding his liability for the deficiencies.

**[\*6]** Through documentary evidence and testimony, petitioner has shown that of the $8,664 claimed, $2,265 represented attorney's fees to resolve issues related to the sale of his residence and in connection with the trust in which title to the residence was held. He has also shown that this amount was not already allowed by respondent. Accordingly, the 2006[4] income tax deficiency should be reduced or adjusted to reflect a $2,265 reduction of capital gain from the sale of petitioner's residence.

Lastly, petitioner contends that the capital gain should be reduced by $6,399 representing fees that he claims he paid to his bankruptcy attorney in connection with handling his chapter 13 bankruptcy proceeding. Even if petitioner were able to substantiate the amount of that payment, he has not explained or shown why any payment to an attorney who represented him in a business-related chapter 13 bankruptcy proceeding in 2005 would result in a reduction of the sale proceeds or gain from the sale of his personal residence in 2006.

Respondent determined that petitioner was liable for the section 6651(a)(1) addition to tax for failure to timely file his 2006 income tax return. That section provides for an addition of 5% per month, up to 25%, for late filing. Petitioner's

---

[4]To the extent that a reduction in the 2006 deficiency causes a computational adjustment to the 2008 income tax deficiency, we leave that computation to the parties.

**[\*7]** 2006 income tax return was filed with respondent on October 30, 2007, 15 days after the October 15, 2007, extended deadline that petitioner had obtained. Petitioner bears the burden of providing an explanation or showing that there was reasonable cause for the late filing. See Rule 142(a); Higbee v. Commissioner, 116 T.C. 438 (2001). Petitioner has not provided any explanation or shown reasonable cause for the late filing and is accordingly liable for the section 6651(a)(1) addition to tax.

Respondent also determined that petitioner was liable for the section 6662(a) accuracy-related penalty, alternatively due to either negligence or a substantial understatement of income tax. See sec. 6662(a) and (b)(1) and (2). Negligence is defined to include any failure to make a reasonable attempt to comply with the Internal Revenue Code. A substantial understatement of income tax exists if an understatement exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d).

Petitioner's failure to report the $1,490,000 proceeds from the sale of his residence resulted in a sizable income tax deficiency for his 2006 tax year. Petitioner did not provide any explanation as to why he did not report the proceeds from the sale of his residence. Further, he did not show reasonable cause for his failure. Under those circumstances, we hold that petitioner is liable for the section

**[*8]** 6662(a) accuracy-related penalty on the resulting underpayment for his 2006 tax year.

With respect to the 2008 tax year, it appears that there was no substantial understatement of income tax. Accordingly we must consider whether the underpayment for 2008 was due to negligence. The 2008 underpayment was attributable to changes in capital loss carryovers and technical adjustments that caused a recomputation of his 2008 tax liability. Under those circumstances, we do not find that petitioner failed to make a reasonable attempt to comply with the Internal Revenue Code. We accordingly hold that petitioner is not liable for the section 6662(a) accuracy-related penalty for 2008.

To reflect the foregoing,

Decision will be entered

under Rule 155.